**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MOHAMMED BABAR KHAN,** )
)
        **Plaintiff,** )
)
**v.** )    Case No. 10-2129-JTM
)
**KANSAS UNIVERSITY MEDICAL** )
**CENTER and DOUG MARTIN,** )
)
        **Defendants.** )
)

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to proceed "Without Prepayment of Fees." (Doc. 3). For the reasons set forth below, plaintiff's motion shall be DENIED.

Proceeding *in forma pauperis* in a civil case is a privilege, not a right. White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998). Under 28 U.S.C. § 1915(a)(1), a federal court *may* authorize the commencement, prosecution or defense of any suit, action, or proceeding without the prepayment of fees by a person who lacks financial means. The decision whether to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the court. Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. 1999)(unpublished disposition). When considering such an application, the court must neither act arbitrarily nor deny the application on erroneous grounds. Buggs v. Riverside Hospital, No. 97-1088, 1997 WL 321289 (D. Kan. April 9, 1997). An affidavit of financial

status must be submitted with the application to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1).

The court has reviewed plaintiff's affidavit of financial resources and concludes that plaintiff does not qualify to proceed *in forma pauperis*. Plaintiff is currently employed by the Kansas University Medical Center and has $2,500 "cash on hand" and $5,000 in a joint savings account from an income tax return.[1] His reported monthly net take-home pay of $1,800 exceeds his monthly expenses for living necessities by $120.[2] Under the circumstances, plaintiff does not qualify to proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed "Without Prepayment of Fees" **(Doc. 3 )** is **DENIED.**

---

[1] Mr. Khan reports that he has been employed by the Medical Center for more than ten years.

[2] Mr. Khan's affidavit reveals additional monthly payments on unpaid credit card balances and a student loan. However, these "payments" are above and beyond Mr. Khan's monthly living necessities.

The $1,800 "net" take home pay is after unspecified deductions for medical, dental, and life insurance premiums and understates plaintiff's compensation because he has taxes withheld at a level sufficient to generate a $5,000 income tax refund. In 2003 Mr. Khan filed bankruptcy and reported a monthly gross income of $2,350 while working at the Kansas University Medical Center. Similar to his current practice, Mr. Khan had income taxes withheld in 2003 at a level sufficient to generate a $4,000 income tax refund. (Case No. 03-22154, Bankruptcy Court, District of Kansas).

**IT IS FURTHER ORDERED** that plaintiff shall pay the filing fee for this case to the clerk of the court on or before **June 30, 2010.** An order dismissing this case will be entered without further notice if the filing fee is not paid by the deadline established by the court.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of June, 2010.

S/  J. Thomas Marten
_____
J. THOMAS MARTEN
UNITED STATES DISTRICT JUDGE